SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is vacated and the case REMANDED for further proceedings.
Debtor-Appellant William J. Kayo (“Kayo”) appeals from the judgment of the District Court for the Northern District of New York (Lawrence E. Kahn, Judge), affirming the Bankruptcy Court’s (Barry S. Schermer, Bankruptcy Judge) approval of the Chapter 7 Trustee’s application to settle an adversary proceeding filed on behalf of Kayo’s estate against Albany Equipment Management Associates (“AEMA”) and Frank Fitzgerald (“Fitzgerald”), Kayo’s former partner in AEMA.
It is well established that “[c]ompromises are favored in bankruptcy,” 10 Collier on Bankruptcy H 9019.01 (15th ed. 2003), and accordingly, we review the Bankruptcy Court’s decision to approve a settlement only for abuse of discretion, reversing only if the settlement “fall[s] below the lowest point in the range of reasonableness.” In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.1983) (internal quotation marks and citation omitted). In assessing the reasonableness of a proposed settlement, the court should weigh the likelihood of success on the claim, “the complexity, expense, and likely duration of litigation ... and all other factors relevant to a full and fair assessment of the wisdom of the compromise.” Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968).
In this case, the Trustee asserted four alternative claims against Fitzgerald and AEMA on behalf of the estate: unjust enrichment, misrepresentation, fraudulent conveyance, and breach of oral agreement. All of the claims relate to the disputed transfer of Kayo’s partnership interest in AEMA to Fitzgerald. JA31-38. The appraiser employed by the Trustee originally valued Kayo’s interest in AEMA to be in excess of $850,000. JA239. However, following a January 1995 hearing, the Bankruptcy Court concluded that Kayo had acted as a manager on behalf of AEMA, and therefore the Trustee could not “assume, assign, or in any way succeed to the value” of the management component of Kayo’s partnership interest in AEMA. JA210.
In seeking approval of the $150,000 settlement, the Trustee asserted that the value of claims against AEMA and Fitzgerald had substantially diminished as a result of *716 the Bankruptcy Court’s ruling to somewhere in the $300,000 range. JA210-12, SSA6-7. In approving the settlement, the Bankruptcy Court accepted $300,000 as the baseline for valuing the estate’s potential recovery (SSA43^14), yet it is unclear from the record why the Trustee’s diminishment theory was correct. Although the Bankruptcy Court’s prior ruling may have barred the Trustee from seeking a return of Kayo’s partnership interest under a fraudulent conveyance theory, it is not apparent why the ruling would also significantly decrease the amount of monetary damages available on the estate’s other claims.
Moreover, while the Bankruptcy Court noted that the estate’s claims were largely dependent on Kayo’s credibility, there appears to be other evidence that may have supported Kayo’s version of the disputed transfer. Instead of independently assessing the strength of the estate’s claims, the Bankruptcy Court largely focused on whether the Trustee had conducted an adequate investigation before accepting the proposed settlement. While the basis for the Trustee’s acceptance of the settlement is certainly relevant, we remain concerned that the Bankruptcy Court may have simply deferred to the Trustee’s judgment instead of independently exercising its discretion in evaluating the reasonableness of the $150,000 settlement.
In sum, because the underlying rationale for the Bankruptcy Court’s approval of the settlement is unclear from the record, we VACATE the judgment and REMAND to the District Court with instruction to request further findings and clarification from the Bankruptcy Court. In remanding, we follow the procedure set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994). The mandate shall issue forthwith, and any party seeking further appellate review of the decision on remand shall so inform the Clerk of Court within 30 days of that decision. Jurisdiction will then be automatically restored to this Court without the need for an additional notice of appeal, and the matter will be referred to this panel for disposition.